**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**McLEOD ADDICTIVE DISEASE CENTER, INC.,**

            **Plaintiff,**

     vs.                                      **Civil Action 2:08-CV-570**
                                                      **Magistrate Judge King**

**WILDATA SYSTEMS GROUP, INC.,**

            **Defendant.**

## OPINION AND ORDER

This is a diversity action in which plaintiff, McLeod Addictive Disease Center, Inc., alleges that hardware and software developed by defendant for plaintiff's addictive disease services operations failed to meet plaintiff's specifications. Plaintiff asserts claims of breach of contract and of express and implied warranties. Defendant, WilData Systems Group, Inc., denies liability and asserts a counterclaim for amounts allegedly due under the parties' software license agreement; defendant also seeks plaintiff's removal and return of defendant's software and associated documents.

This matter is before the Court for consideration of a motion filed by defendant for leave to amend its response to requests for admission. *Defendant's Motion for Leave to Amend Its Response to Requests for Admission*, Doc. No. 46 ("*Defendant's Motion*"). Plaintiff has responded to the motion, *Plaintiff's Response in Opposition to Defendant's Motion for Leave to Amend Its Response to Request for Admission*, Doc. No. 51 ("*Plaintiff's Response*"), and defendant has replied, *Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion for Leave to Amend its Response to Requests for*

*Admission*, Doc. No. 52("*Defendant's Reply*"). For the reasons that follow, the Court **GRANTS** *Defendant's Motion*.

## I. BACKGROUND

Plaintiff, a North Carolina-based non-profit organization providing medical services to those suffering from addictions, *Complaint,* ¶¶1, 3, first served requests for admission on defendant on March 6, 2009. *Defendant's Motion*, at 1. Defendant, an Ohio-based software company serving the healthcare community, *Complaint* ¶4, acknowledges that its response was due April 8, 2009. *Defendant's Motion*, at 2. Defendant actually responded to plaintiff's requests for admission on April 24, 2009. *Id.* Defendant explains that its counsel mistakenly believed that response had been timely made by email, when in fact it had not. *Id*. Upon notification by plaintiff's counsel on April 24, 2009, that defendant had not responded to plaintiff's requests, counsel for defendant provided its response that same day, by both email and regular mail. *Id*.

On April 27, 2009, defendant filed *Defendant's Motion*. Invoking Rule 36, defendant argues that leave to amend should be granted because plaintiff has not been prejudiced by the late response. *Id*., at 4-5. Specifically, defendant contends that plaintiff had the opportunity to make the same inquiries in an earlier deposition of Jeffrey Wilt, defendant's principal, sole shareholder and president, that it now seeks to obtain in the requests for admission. *Id*., at 2-5; *Defendant's Reply*, at 3.

Opposing the motion, plaintiff first points out that *Defendant's*

2

*Motion* implies that timely response had been made when in fact it had not. *Plaintiff's Response*, at 1. Plaintiff contends that its requests are therefore deemed "conclusively established" pursuant to Rule 36(b), unless the Court permits withdrawal of the admissions. *Id.*[1] Plaintiff also argues that it will be prejudiced by the grant of *Defendant's Motion*. *Plaintiff's Response,* at 4. Specifically, plaintiff contends that some of Mr. Wilt's testimony on deposition is inconsistent with certain answers provided in the untimely responses to admission. *Id.*, at 4-8.

## II. STANDARD OF REVIEW

Under Rule 36(a)(3) of the Federal Rule of Civil Procedure, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."[2] Moreover, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits

---

[1] Plaintiff also argues that, to the extent that *Defendant's Motion* is construed as a request for extension of time to respond, the request violates S.D. Ohio Civ. R. 7.3(a), which provides:

> Prior to filing any motion for an extension of time, counsel shall consult with all parties (except prisoners appearing pro se) whose interests might be affected by the granting of such relief and solicit their consent to the extension. The motion shall affirmatively state that such consultation has occurred or was attempted in good faith, and shall state whether the motion is unopposed. If the extension is not opposed, the movant shall ordinarily submit an agreed form of order to the Court in the form prescribed by S. D. Ohio Civ. R. 7.4.

The Court construes *Defendant's Motion* as requesting the withdrawal of deemed admissions and not for an extension of time. Consequently, Rule 7.3 is not applicable to the resolution of this motion.

[2] Rule 36(a)(1) permits a party to serve on any other party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of 26(b)(1) relating to facts, the application of law to fact, or opinions about either," and "the genuineness of any described documents."

3

the admission to be withdrawn or amended." F.R. Civ. P. 36(b). *See also Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 153 (6th Cir. 1997). The decision to grant a motion for leave to withdraw or amend deemed admissions is left to the court's discretion. *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) ("[W]e look to the understandable discretion vested in district courts to permit a longer time for a written answer to a request for admissions") (citing *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983)); *see also Kerry Steel, Inc.*, 106 F.3d at 154 ("A district court has considerable discretion over whether to permit withdrawal or amendment of admissions[.]") (quoting *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991)(internal quotation marks omitted)).

Rule 36(b) permits the withdrawal of deemed admissions if doing so "would promote the presentation of the merits of the action, and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id. See also Kerry Steel, Inc.*, 106 F.3d at 154. The first element of this standard is satisfied "when upholding the admission would practically eliminate any presentation on the merits of the case." *Riley v. Kurtz*, No. 98-1077, 1999 WL 801560, at *3 (6th Cir. Sept. 28, 1999)(quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). As to the second element, "the prejudice contemplated by [Rule 36(b)] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Kerry Steel, Inc.*, 106 F.3d at 154 (internal citations and quotation marks omitted). Rather, the requisite prejudice "relates to special

4

difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Id*. (quoting *Am. Auto. Ass'n,* 930 F.2d at 1120)(internal quotation marks omitted).

### III. DISCUSSION

**A. Presentation of the Merits**

In deciding whether to permit withdrawal of defendant's deemed admissions, the Court must first determine whether the presentation of the merits of the dispute would thereby be served. *See* F.R. Civ. P. 36(b); *Kerry Steel,* 106 F.3d at 154. Plaintiff concedes that the "answers deemed to be admitted directly address the allegations of breach of contract by the Defendant..." *Plaintiff's Response*, at 3. This Court agrees that the matters addressed in plaintiff's requests for admission go directly to the allegations raised in the *Complaint*. For example, in Count 1 of the *Complaint,* which asserts a breach of contract claim, plaintiff alleges that the parties' agreement required that the system be able to "migrate old data to the new software..." *Complaint* ¶ 20(c). Speaking directly to this allegation, Request for Admission No. 11 requests, "Admit that as part of the contract between the parties, Wildata represented that it would be able to migrate data from the existing operating system into the software being installed by Wildata on the windows machine." *Defendant's Motion, Exhibit 1* ¶ 11. In its untimely response, defendant denies this specific request for admission, as it denies many others that directly address allegations contained in the *Complaint*. *Id*.

The admissions in question go to the core of the dispute between

the parties. To deny to defendant the opportunity to withdraw the deemed admissions would be to effectively resolve the dispute in favor of the plaintiff without actual consideration of the merits of the case. To permit defendant to withdraw the deemed admissions would therefore satisfy the first prong of the standard of Rule 36(b). *See Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir. 1995) (upholding the trial court's ruling that the first prong had been met since denying the motion to withdraw "effectively disposed of all the issues in the underlying action" when the deemed admissions established the elements of the offense).

**B. Prejudice**

Having concluded that the presentation of the merits would be served by the withdrawal of the deemed admissions, the Court must next determine whether permitting withdrawal prejudices plaintiff. *See* F.R. Civ. P. 36(b); *Kerry Steel, Inc.*, 106 F.3d at 154. In making this determination, the Court considers whether, by permitting withdrawal, plaintiff would be faced with special difficulty, such as a sudden need to obtain evidence.[3] *Id.* at 154. Plaintiff argues that it would be prejudiced by the grant of *Defendant's Motion* because of inconsistencies between Mr. Wilt's deposition testimony and defendant's responses to the requests for admissions. *Plaintiff's Response*, at 4. Defendant replies that plaintiff has not adequately articulated prejudice sufficient to deny *Defendant's Motion*. *Defendant's Reply*, at 3. This Court agrees.

---

[3]The Advisory Committee Notes from the 1970 Amendment to Rule 36 state that one goal of 36(b) is "assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice."

6

Although there is no definitive, comprehensive articulation of the "special difficulties" sufficient to satisfy the standard of Rule 36(b), a survey of the holdings of other courts offers some clarification of the issue. For example, special difficulty has been found because of the unavailability of a key witness and a "sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1266 (11th Cir. 2002) (quoting *Brook Village N. Assocs. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). Special difficulty has also been found where a party moves to withdraw an admission in the middle of trial, and where the other party has relied on the earlier admission. *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985). Finally, special difficulty has been found where a defendant initially conceded liability through admissions and the plaintiff justifiably relied on the admissions by cancelling scheduled depositions, but the defendant thereafter sought withdrawal of those previous admissions. *Puerto Rico v. S.S. Zoe Colocotroni*, 628 F.2d 652, 664-665 (1st Cir. 1980).

Plaintiff has not established that the grant of *Defendant's Motion* would foreclose to it any opportunity for discovery. Indeed, plaintiff has already deposed Mr. Wilt, whose testimony apparently addressed the very issues addressed in the requests for admission. *See Plaintiff's Response*, at 4. Plaintiff's dissatisfaction with what it views as inconsistencies between some of the testimony on deposition and the answers tendered in the untimely responses is insufficient, in this Court's view, to show "special difficulty." Certainly, plaintiff would be faced with these perceived

inconsistencies had defendant's responses been timely. It is simply not at all clear to the Court how defendant's sixteen day delay in responding to plaintiff's requests for admission prejudices plaintiff in its ability to "maintain[] ... the action on the merits." *See* F.R. Civ. P. 36(b).

For the foregoing reasons, the Court **GRANTS** *Defendant's Motion for Leave to Amend Its Response to Requests for Admission*, Doc. No. 46.

Consistent with the earlier order of this Court, *Order,* Doc. No. 49, plaintiff may have until December 28, 2009, to respond to defendant's motion for summary judgment, Doc. No. 43.


December 3, 2009                          *s/Norah McCann King*
                                                      Norah M<sup>c</sup>Cann King
                                 United States Magistrate Judge